**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Zdravko Kotzev, | ) | No. CV 10-0907-PHX-MHM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendant. | ) | |
| | ) | |

The Court has before it Defendant Charles L. Ryan's Motion to Dismiss. (Doc. 8). The Court has also reviewed the Plaintiff Zdravko Kotzev's response to the motion to dismiss (doc. 15) as well as Defendant Ryan's Reply. (Doc. 16). The Court has also reviewed the Complaint. Having determined that oral argument is unnecessary, the Court issues the following order.

**I.      Plaintiff's Complaint**

On April 26, 2010 Plaintiff filed a seven-count pro per complaint alleging claims pursuant to 42 U.S.C. § 1983 in connection with his incarceration from December 9, 2005 to May 8, 2009. (Doc. 1) The Complaint challenges the constitutionality of various Arizona statutes including A.R.S. § 41-1604.07, A.R.S. § 31-229, along with various policies of the Arizona Department of Corrections. More specifically, Plaintiff alleges, in part, that the Arizona Department of Corrections, applying these state statutes, required him to serve a

1 sentence that exceeded the maximum sentence given him by the Court. Plaintiff also asserts, 2 in part, that the duration of his sentence prior to release was dependent in part on his english 3 literacy level and that this was unconstitutional. The complaint includes allegations of 4 unauthorized detention and confinement, conspiracy for deprivation of civil rights, ethnic 5 discrimination, unauthorized modification of sentence, double jeopardy violation; forcible 6 spousal separation and intentional infliction of emotional distress. Plaintiff is seeking over 7 $1.7 million in damages as well as declaratory and injunctive relief and has named a number 8 of defendants including his parole officer and probation officer. The Defendants also include 9 Charles L. Ryan, "in his individual and official capacities as a Director of the Arizona 10 Department of Corrections."

11 **II.    Defendant Ryan's Motion**

12 On July 1, 2010, Defendant Ryan filed a motion to dismiss. In his motion, Defendant 13 Ryan argues that because he is a state official, he is immune from suit in his official capacity 14 under the Eleventh Amendment of the United States Constitution. Defendant Ryan also 15 argues that Plaintiff has not asserted any specific allegations about his direct involvement in 16 any alleged violation necessary to support a suit against him in his individual capacity under 17 42 U.S.C. § 1983. Defendant Ryan seeks dismissal of the Plaintiff's entire complaint against 18 him.

19 Plaintiff's response goes through each count and outlines more specifically the basis 20 for each of his claims. Plaintiff conclusively states that he has asserted a claim against 21 Defendant Ryan in his individual capacity, but none of Plaintiff's elaborations regarding his 22 claims include specific allegations regarding Defendant Ryan. Plaintiff also asserts that local 23 governments do not share Eleventh Amendment immunity from damage suits and that 24 Maricopa County is a municipal corporation which employs all Defendants so that Ryan is 25 a proper defendant in this case. Plaintiff also asserts that he his asserting his complaint on 26 behalf of himself and all others similarly situated and cites a number of cases including Ex 27 parte Young, 209 U.S. 123 (1908), in support of his claims against Defendant Ryan in his 28 official capacity.

1   In his reply, Defendant Ryan stresses that he is not a local government official or a
2 Maricopa County employee, but the Interim Director of the Arizona Department of
3 Corrections, and that as a state official he cannot be sued in his official capacity for damages
4 under 42 U.S.C. §1983. Defendant Ryan also reiterates that Plaintiff has failed to include
5 allegations regarding actions attributable to Defendant Ryan, so that he cannot assert an
6 individual claim against him pursuant to 42 U.S.C. §1983. Defendant Ryan also points out
7 that Plaintiff has not sought to certify a class and so is not asserting a claim on behalf of
8 himself and all others similarly situated.

9   Defendant Ryan also includes new arguments not raised in his initial motion to
10 dismiss. He identifies, for example, a number of claims that he alleges are questionable or
11 cannot be brought before this Court including the tort claims for intentional infliction of
12 emotional distress and false imprisonment. Again, Defendant Ryan asks that the Court
13 dismiss Plaintiff's complaint against him in its entirety.

14   **III.   Discussion**

15   Plaintiff has brought numerous claims against Defendant Ryan in both his official
16 capacity as Director of the Arizona Department of Corrections and in his individual capacity.
17 Plaintiff brings these claims pursuant to 42 U.S.C. §1983 and seeks damages as well as
18 injunctive and declaratory relief. 42 U.S.C. §1983 allows a plaintiff to bring suit against any
19 person who acting under color of law, deprives them of any rights, privileges or immunities
20 secured by the Constitution and laws.

21   Taking up first the claims against Defendant Ryan in his individual capacity,
22 Defendant Ryan argues that Plaintiff's complaint contains no allegations pertaining to any
23 individual actions by Defendant Ryan. Vicarious liability does not extend to §1983 suits so
24 that "a plaintiff must plead that each Government official defendant, through the official's
25 own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937,
26 1949 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v.
27 Williams, 297 F.3d 930, 934 (9th Cir. 2002). Indeed, the complaint contains no such
28 allegations regarding Defendant Ryan individually, but only asserts conclusory claims based

1  on Defendant Ryan's status as the Director of the Arizona Department of Corrections.
2  Plaintiff has taken the opportunity in his response to further elaborate his claims.  As an
3  initial matter, any elaboration in the response would not prevent dismissal of improper claims
4  asserted against Ryan in the complaint.  More to the point, however, none of Plaintiff's
5  attempts to clarify his claims contain any more specific allegations pertaining to Defendant
6  Ryan.  In fact, they only confirm that Plaintiff's claims against him are based only on his
7  general role as the director of prisons and not on any specific actions or conduct by him.
8  Plaintiff has not asserted any claim against Defendant Ryan in his individual capacity,
9  therefore, such claims are dismissed.

10  As for Plaintiff's claims against Defendant Ryan in his official capacity, Defendant
11  Ryan is correct that any claims for damages are barred by state sovereign immunity.
12  Defendant Ryan, as the Arizona Director of Prisons is a state official (not a municipal
13  employee) so that damage claims against him are prohibited under the Eleventh Amendment.
14  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Edelman v. Jordan, 415 U.S.
15  651, 662-63, 677-68 (1974).

16  However, while Defendant Ryan correctly asserts that he is immune from suit for
17  damages, he overreaches when he asks to be entirely dismissed from the lawsuit.  The
18  Plaintiff in this case seeks not only monetary relief, but also declaratory and injunctive relief
19  based on alleged constitutional violations.  State officials are not immune from suit under
20  those circumstances. Ex parte Young, 209 U.S. 123 (1908); Verizon Maryland, Inc. v. Public
21  Service Commission, 535 U.S. 635 (2002) (allowing injunctive and declaratory relief against
22  individual state officials despite Eleventh Amendment); see also Independent Living Center
23  of Southern California, Inc. v. Shewry, 543 F.3d 1050 (9th Cir. 2008) ("We therefore adhere
24  to the general rule that injunctive relief is presumptively available to remedy a state's ongoing
25  violation of federal law" citing Ex parte Young and Idaho v. Coeur D'Alene Tribe, 521 U.S.
26  261 (1997)).  Neither the Defendant's motion nor his reply offers any reason why Plaintiff's
27  claims for declaratory or injunctive relief against Defendant Ryan in his official capacity
28  should be dismissed.  Therefore, while Plaintiff's claims to monetary damages against

1 Defendant Ryan are properly dismissed, Plaintiff could still potentially obtain declaratory or
2 injunctive relief against this Defendant.

3 Defendant Ryan's arguments regarding Plaintiff's tort claims, raised for the first time
4 in his reply, will not be considered by the Court at this time. Eberle v. City of Anaheim, 901
5 F.2d 814, 818 (9th Cir. 1990).

6 Accordingly,

7 **IT IS HEREBY ORDERED** granting in part the motion to dismiss Plaintiff's claims
8 for damages against Defendant Ryan (Doc. 8). Counts 6 and 7 of Plaintiff's complaint are
9 dismissed as against this Defendant. Plaintiff may not obtain any damages from Defendant
10 Ryan in connection with any of his remaining claims.

11 **IT IS FURTHER ORDERED** denying in part the motion to dismiss Plaintiff's entire
12 complaint against Defendant Charles Ryan. Plaintiff's constitutional claims, Counts 1-5, to
13 the extent Plaintiff seeks declaratory and injunctive relief from Defendant Ryan, are not
14 dismissed.

15 **IT IS FURTHER ORDERED** directing the Clerk of Court to reassign this case.

16 DATED this 16th day of February, 2011.

_____
Mary H. Murguia
United States District Judge