**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zdravko Kotzev,<br><br>            Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>            Defendants. | No. CV-10-0907-PHX-FJM<br><br>**ORDER** |

Plaintiff is a former inmate at the Arizona Department of Corrections. He filed a complaint against Arizona Department of Corrections ("ADC") Director Charles Ryan, ADC corrections officer Steve Butcher, Maricopa Adult Probation Officer Maria Land, and Maricopa County, alleging violations under 42 U.S.C. § 1983 and state law arising from his prison sentence, incarceration, and community supervision.

The court now has before it defendant Maricopa County's motion to dismiss (doc. 21), to which plaintiff did not respond, and Maricopa County's motion for summary disposition of the motion to dismiss (doc. 28). We also have before us plaintiff's motion for entry of default as to defendant Maria Land (doc. 23), defendant Land's response and motion to quash service (doc. 25), and plaintiff's response to the motion to quash (doc. 27). Finally, we have defendants Butcher and Ryan's motion for clarification (doc. 31) and plaintiff's motion for recusal (doc. 32).

## Motion for Recusal

We first address the motion for recusal (doc. 32). Plaintiff argues that he is entitled to have the case assigned to another judge because the undersigned previously denied plaintiff's petition for habeas corpus, which he contends raised similar claims to those presented here. Relying on 28 U.S.C. § 455(a), plaintiff argues that the unfavorable ruling in another matter creates an appearance of bias with respect to the present action. We disagree. The relevant inquiry under § 455(a) is whether opinions formed in prior proceedings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. Plaintiff's argument that an unfavorable ruling in the prior habeas action creates the appearance of bias is untenable. The motion for recusal is denied (doc. 32).

## Motion for Clarification

This case was reassigned to us on February 18, 2011 (doc. 30). Shortly before reassignment, an order was issued granting in part defendant Ryan's motion to dismiss (doc. 8), dismissing Counts 6 and 7, and concluding that plaintiff cannot "obtain any damages from Defendant Ryan in connection with any of his remaining claims" (doc. 29 at 5). The order, however, did not address defendant Butcher's joinder in that motion (doc. 22). Defendants Ryan and Butcher have now filed a "Motion for Clarification" as to the status of plaintiff's claims against Butcher (doc. 31).

The complaint asserts two causes of action against Butcher–count 6 (forcible spousal separation) and count 7 (intentional infliction of emotional distress). To state a claim under § 1983, a plaintiff must allege facts showing that (1) the defendant was acting under color of state law, and (2) the defendant's conduct deprived him of a federal constitutional right. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A plaintiff must allege specific facts asserting liability as to each defendant. Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996).

In count 6 (forcible spousal separation), plaintiff alleges that the conditions of his

1  parole, which prohibited him from associating with any person under the jurisdiction of a
2  parole or probation agency, resulted in his separation from his wife. Complaint ¶¶ 56-62,
3  101-104. It is unclear whether count 6 purports to assert a claim pursuant to 42 U.S.C. §
4  1983 or a state law claim. In either event, we conclude that count 6 fails to state a cognizable
5  claim. If count 6 is intended as a § 1983 cause of action, the complaint fails to identify
6  Butcher's conduct that resulted in a constitutional violation, or what constitutional right was
7  violated. If count 6 is intended to present a state law claim, it also fails because there is no
8  recognized state law claim for "forcible spousal separation."

9        In count 7, plaintiff alleges a state tort claim of intentional infliction of emotional
10 distress against defendants Ryan, Butcher, Land, and Maricopa County. Arizona law
11 provides that any tort cause of action asserted against the ADC director, prison officers, or
12 ADC employees, for conduct within the scope of their legal duty, "shall run only against the
13 state." A.R.S. § 31-201.01(F). Therefore, the tort claim asserted in count 7 (and in count 6
14 to the extent it can be construed as a state tort claim) cannot lie against either defendant
15 Butcher or Ryan.

16       Therefore, we grant defendants' motion for clarification (doc. 31) and conclude that
17 counts 6 and 7 are dismissed as against both defendants Ryan and Butcher.

18 **Motion to Dismiss**

19       Plaintiff alleges in his complaint that Maricopa County is liable for § 1983 violations
20 because it is the "public employer" of defendants ADC Director Charles Ryan, ADC Parole
21 Officer Steve Butcher, and Maricopa County Adult Probation Officer Maria Land. Maricopa
22 County moves for dismissal of the claims filed against it, arguing that none of the named
23 defendants are employees of Maricopa County. Plaintiff did not contest the County's
24 assertion or otherwise respond to the motion.

25       Under LRCiv 7.2(i), if a party "does not serve and file the required answering
26 memoranda, . . . such non-compliance may be deemed a consent to the denial or granting of
27 the motion and the Court may dispose of the motion summarily." Plaintiff did not respond
28 to motion to dismiss, and therefore the motion to dismiss (doc. 21) and the motion for

summary disposition (doc. 28) are granted.

## Motion for Entry of Default/Motion to Quash

On or about July 23, 2010, plaintiff sent to defendant Maria Land by certified mail a request to waive service pursuant to Rule 4(d)(1), Fed. R. Civ. P., to which Land did not respond. Plaintiff then filed a motion for entry of default against Land (doc. 23). In response, defendants move to quash service on Land (doc. 25).

Under Rule 4(e)(2), Fed. R. Civ. P., a person may be properly served with process if the summons and complaint are delivered to (1) the person, (2) "someone of suitable age and discretion who resides" at the person's house, or (3) an agent authorized by appointment or law to receive such service for the person.

Plaintiff alleges that on June 2, 2010, he attempted service on Land by a process server, but Land's supervisor refused to present Land to be served. See doc. 5, ex. A. On July 16, 2010, this Court ordered plaintiff to serve all defendants, including Land, within the period of time specified in Rule 4(m), Fed. R. Civ. P., and in accordance with Rule 4(e), Fed. R. Civ. P., or otherwise be prepared to have all claims against the unserved defendants dismissed without prejudice (doc. 13). Following that order, plaintiff "chose to request waiver pursuant to Rule 4(d), Fed. R. Civ. P." Plaintiff's Opposition to Motion to Quash at 2. A request for waiver does not constitute effective service. Land did not respond to the request for waiver. A failure to waive service may result in the imposition of service fees on the defendant, Fed. R. Civ. P. 4(d)(2)(A), but it will not result in a default judgment.

Plaintiff has not effectively served Land, therefore his motion for entry of default is denied (doc. 23), and defendants' motion to quash is granted (doc. 25).

## Conclusion

**IT IS ORDERED DENYING** plaintiff's motion for recusal (doc. 32).

**IT IS ORDERED GRANTING** defendants' motion for clarification (doc. 31) and clarifying that counts 6 and 7 are dismissed as against both defendants Ryan and Butcher. There are no remaining claims asserted against Butcher, and he is dismissed as a defendant from this case.

1 **IT IS ORDERED GRANTING** Maricopa County's motion to dismiss (doc. 21) and **GRANTING** Maricopa County's motion for summary disposition (doc. 28).

**IT IS ORDERED DENYING** plaintiff's motion for entry of default (doc. 23), and **GRANTING** defendants' motion to quash (doc. 25).  Because defendant Land has not been served in compliance with Rule 4(m), Fed. R. Civ. P., and this court's Order dated July 16, 2010 (doc. 13), **IT IS ORDERED DISMISSING** Land from this case without prejudice.

DATED this 16th day of March, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge