**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zdravko Kotzev,            )<br>                                        )<br>            Plaintiff,            )<br>                                        )<br>vs.                                    )<br>                                        )<br>Charles L. Ryan, et al.,     )<br>                                        )<br>            Defendants.       )<br>_____) | No. CV-10-0907-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Ryan's motion for summary judgment (doc. 68), plaintiff's response (doc. 73), defendant's reply (doc. 77), plaintiff's motion for summary judgment (doc. 70), defendant's response (doc. 81), and plaintiff's reply (doc. 82). We also have before us defendant's motion to exceed the page limit for his reply (doc. 76).

After a jury trial, plaintiff was found guilty of (1) conspiracy, (2) participating in a criminal syndicate, (3) use of a wire communication in a drug transaction, (4) possession of a narcotic for sale, (5) fraudulent schemes and artifices, and (6) possession of drug paraphernalia. On December 9, 2005, plaintiff was sentenced to five years in prison on Counts 1, 2, 4, and 5, two and one-half years on Count 3, and two years probation plus $1,350 in fines on Count 6. The sentences on Counts 1, 2, 3, 4, and 5 were to run concurrently, followed by community supervision. Plaintiff rejected probation on Count 6 and was instead sentenced to one year imprisonment, to run concurrently with the other

sentences. Plaintiff was released from the Arizona Department of Corrections (ADC) custody on May 8, 2009, and he completed his community supervision on January 7, 2010.

After his release, plaintiff filed this action under 42 U.S.C. § 1983, asserting that the ADC, through its Director Charles Ryan, subjected him to unauthorized detention by requiring him to serve a sentence that exceeded the maximum sentence imposed by the sentencing court, improperly modified his sentence by requiring that he serve flat time and probation, discriminated against him on the basis of his ethnicity by forcing him to participate in the functional literacy program, denying him release credits because of his ethnicity and his lack of English proficiency, subjected him to double jeopardy, and conspired to violate his constitutional rights by participating in the alleged unconstitutional activity. Plaintiff challenges the constitutionality of A.R.S. § 41-1604.07 and A.R.S. § 31-229, as well as various policies of the ADC. The complaint asserts seven separate counts: (1) unauthorized detention and confinement, (2) conspiracy for deprivation of civil rights, (3) ethnic discrimination, (4) unauthorized modification of sentence, (5) double jeopardy violation, (6) forcible spousal-separation, and (7) intentional infliction of emotional distress.

Plaintiff originally sought compensatory and punitive damages, as well as declaratory and injunctive relief. In a previous order, this court dismissed counts 6 and 7, and dismissed all claims against Ryan in his individual capacity (doc. 29), leaving only claims against Ryan in his official capacity. Because claims for damages against Ryan in his official capacity are prohibited under the Eleventh Amendment, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n.10, 109 S. Ct. 2304, 2312 & n.10 (1989), the only claims remaining are plaintiff's claims for declaratory and injunctive relief against Ryan in his official capacity. Both parties now move for summary judgment on all remaining claims.

We agree with defendant that plaintiff's claims for declaratory and injunctive relief are moot. A case becomes moot when the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982); Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003). An inmate's

request for injunctive relief concerning the prison where he was incarcerated becomes moot once he is released from prison. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). The same is true for claims seeking declaratory relief. See Rhodes v. Stewart, 488 U.S. 1, 4, 109 S. Ct. 202, 203-04 (1988).

Plaintiff's release from custody extinguishes his legal interest in injunctive or declaratory relief because such relief would offer him no redress. See Bernhardt v. County of Los Angeles, 279 F.3d 862, 871 (9th Cir. 2002). After his release, plaintiff is no longer subject to the prison conditions, policies, and statutes that he challenges. Therefore, we conclude that, because plaintiff was released from custody after serving his sentence, his remaining claims for injunctive and declaratory relief are moot.

**IT IS ORDERED GRANTING** defendant's motion to exceed the page limit (doc. 76).

**IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 68).

**IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 70).

DATED this 16th day of April, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge